† TOTMAN & *al.* versus SAWYER & *als. and* Trustee.

Where the trustee claims to hold the property of defendants in his hands by virtue of an assignment for the benefit of their creditors, and an issue is made up with him as to its validity on account of its being fraudulent, a deposition duly taken, on *notice* given to the *trustee*, is admissible.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

This was an action of assumpsit on a promissory note. James A. Thompson, the trustee, disclosed an assignment made to him by the defendants in due form of law, for the benefit of all their creditors.

At the Nov. term 1855, the plaintiffs having caused the

creditors who had become parties to the assignment, to be cited into Court, they alleged that it was made in fraud of creditors and void.

On this point an issue was made between the plaintiffs, and the trustee as assignee, and submitted to the jury.

(The papers furnish no evidence whether the creditors appeared or not.)

In support of the issue the plaintiffs introduced the deposition of Orison Burrill, which was objected to for want of notice to the *creditors,* but it was admitted.

Objection was also made to a portion of the deposition showing that defendants bought lumber at a certain time of plaintiffs and gave their note, and wanted an extension when it fell due, which was refused, and that Sawyer promised to get security, &c., but it was admitted.

A verdict was returned for the plaintiffs and exceptions were taken to the rulings.

*Bradbury & Morrill,* for trustee.

*Vose,* for plaintiffs.

RICE, J. — Thompson, the trustee, was also the assignee of the defendants. The plaintiffs alleged that the assignment to Thompson was fraudulent and void as to creditors. On this point the issue was made up between the plaintiffs and Thompson as assignee. To protect the interests of those creditors of the defendants, who have become parties to the assignment they had been summoned into Court. Whether they appeared or not, the case does not find. They did not become parties to the record and if they participated in the defence it was under Thompson with whom the issue was made up, and by whom they were represented. Notice to him was therefore sufficient.

In the admission of those portions of the deposition which have been copied with the case no error is perceived.

*Exceptions overruled.*

*Judgment on the verdict.*

TENNEY, J., did not sit in this case.